## DUN v. THE STATE OF OHIO.

*Criminal law—Indictment—Sufficiency of endorsement upon true bill—Section 13571, General Code.*

1. An indictment is properly indorsed, as required by Section 13571, General Code, when the words "a true bill" appear thereon and the foreman of the grand jury subscribes his name thereto. The foreman's signature is sufficient although he uses his initials only of his christian name, followed by his surname.
2. An indictment is not invalidated because the indorsement thereon contains formal printed matter in the following language: "This bill of indictment found upon testimony sworn and sent to the grand jury, by order of the court, at the request of the prosecuting attorney."

(Decided July 26, 1922.)

ERROR: Court of Appeals for Clinton county.

*Messrs. Smith, Rogers & Smith,* for plaintiff in error.
*Mr. S. L. Gregory,* for defendant in error.

HAMILTON, P. J. Plaintiff in error, defendant below, was indicted, convicted and sentenced upon the charge of shooting with intent to kill.

In the trial court a motion to quash the indictment was made by defendant, which motion was overruled, and a plea in abatement was interposed, to which plea a demurrer of the state was sustained. Exceptions were reserved to the ruling of the court on each question.

The plaintiff in error also complains that the verdict and judgment are against the weight of

the evidence; claims misconduct of the prosecuting attorney, and makes objection to the introduction of certain evidence on the part of the state.

The motion to quash and the plea in abatement were both based on the endorsement on the indictment. The indictment contained formal printed matter, in the following language:

"This bill of indictment found upon testimony sworn and sent to the grand jury, by order of the court, at the request of the prosecuting attorney."

The indictment contained the further endorsement:

"A true bill, C. A. Rannels, Foreman, Grand Jury."

There is no error in the rulings of the trial court on the objections to the indictment. All that the statute (Section 13571, General Code) requires by way of endorsement on the indictment is that the words, "a true bill," appear, and that the foreman subscribe his name thereto. That the foreman used the initials "C. A." in subscribing his name is sufficient. *Whiting* v. *State,* 48 Ohio St., 220, and *Geiger* v. *State,* 2 C. C., N. S., 174.

The fact that the printed matter above referred to, other than the endorsement "a true bill," subscribed by the foreman, appears on the indictment, could not prejudice the plaintiff in error, and, if anything, is a mere defect in the form, the effect of which would be cured by Section 13581, General Code. Moreover, the trial court charged the jury that the indictment afforded no presumption of guilt.

We have examined the other questions raised, and do not find them of a substantial character.

Finding no prejudicial error in the record, the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.